UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------,
DAVID P. WATSON, individually and on
behalf of all others similarly
situated,                                        **Memorandum & Order**

            *Plaintiff*,                    19-CV-5838 (KAM)(SJB)

   -against-

PREMIER CREDIT OF NORTH AMERICA, LLC,

            *Defendant*.
--------------------------------------X

**MATSUMOTO, United States District Judge:**

        On October 15, 2019, David P. Watson ("plaintiff")
commenced this action, individually and on behalf of similarly
situated persons, against Premier Credit of North America, LLC
("defendant" or "PCNA"), alleging that a debt collection letter
sent by defendant to plaintiff violated the provisions of the
Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et
seq*. (ECF No. 1, Compl. at 1; ECF No. 1-1, PCNA Debt Collection
Letter (the "Letter"), Exh. 1.)  Presently before the court is a
motion by the defendant seeking to dismiss the complaint under
Federal Rule of Civil Procedure 12(b)(6) for failure to state a
claim.  (ECF No. 16, Def. Mem. of Law in Supp. of Mot. to Dis.)
For the reasons stated below, defendant's motion to dismiss this
action is granted.

**BACKGROUND**

Plaintiff David P. Watson is a citizen of the United States, currently residing in Queens County, New York, who allegedly owes a sum of money for a student loan (the "debt"). (Compl. at 2.)  Defendant Premiere Credit of North America, LLC, is a company based in Indiana, which operates a debt collection enterprise as its primary business. (*Id.*)  Plaintiff's debt was assigned to defendant for collection at a time unknown to plaintiff and known only to defendant. (*Id.*)  When assigned, the debt was allegedly in default. (*Id.*)  On October 30, 2018, defendant sent the single collection letter at issue to plaintiff. (*Id.* at 4; *see* ECF No. 1-1, Exh. 1.)  The letter was the first written communication received by plaintiff from defendant. (*Id.* at 4.)  On October 15, 2019 plaintiff filed this action on behalf of himself and a purported class of similarly situated people. (*Id.* at 12.)  Plaintiff seeks a declaratory judgment that the letter violates the FDCPA, along with monetary damages and attorney's fees pursuant to 15 U.S.C. § 1692k. (*Id.*)

**LEGAL STANDARD**

**I. Motion to Dismiss for Failure to State a Claim**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain facts sufficient to "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible when the facts contained in the complaint "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp.*, 550 U.S. at 545.  In evaluating a motion to dismiss, the court should "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  The court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

## DISCUSSION

## I. Fair Debt Collection Practices Act

Congress passed the Fair Debt Collection Practices Act in order to end "the use of abusive, deceptive, and unfair debt collection practices."  15 U.S.C. § 1692(a).  The FDCPA does not assume that recipients of collection letters are appraised of

their rights and so requires that these letters contain a validation notice.  15 U.S.C. § 1692g(a)(3)-(5).  A validation notice must contain the following:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5).  Although a validation notice must communicate the preceding information, there "is no requirement that the letter quote verbatim the language of the statute." *Emanuel v. Am. Credit Exch.,* 870 F.2d 805, 808 (2d Cir. 1989).

Here, the letter in question contains a validation notice and the language of the notice closely tracks the language of the statute.  (*Compare* 15 U.S.C. § 1692g(a)(3)-(5) *with* ECF No. 1-1 at 1.)  However, this does not settle the issue, as Premiere Credit "has the obligation, not just to convey the information, but to convey it clearly." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008)

4

(citing *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996)).  "We recognize there are many cunning ways to circumvent § 1692g under cover of technical compliance." *Russell*, 74 F.3d at 35.

In evaluating whether 15 U.S.C. § 1692g or § 1692e has been violated, courts in this circuit employ an objective test that analyses a collection letter from the perspective of the "least sophisticated consumer." *Jacobson*, 516 F.3d at 90; *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993); *Russell,* 74 F.3d at 34 ("the test is how the least sophisticated consumer — one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer — understands the notice he or she receives."). If a collection letter contains language which "overshadows or contradicts" the validation notice, this is a violation of the FDCPA.  *Russell*, 74 F.3d at 34.  However, the statute has a "dual purpose," not only to protect consumers, but also to shield creditors "against liability for bizarre or idiosyncratic interpretations of collection notices."  *Clomon*, 988 F.2d at 1320.

**II. Plaintiff has Failed to State a Claim under 15 U.S.C. §1692g(a)(3)**

The court finds that least sophisticated consumer reading the instant letter would understand that the validity of

the debt could be disputed orally, and would not interpret the
letter to mean that any dispute must be made in writing.
Plaintiff alleges that defendant violated the FDCPA by implying
in the Letter that a consumer could only dispute the debt in
writing and could not dispute the debt orally. (ECF No. 17, Pl.
Mem. in Opp. to Def. Mot. to D. ("Pl. Opp.") at 13-19.)
Plaintiff's characterization of defendant's letter is legally
and factually deficient.

   The Second Circuit recognizes a "bifurcated scheme,"
where § 1692g(a)(3) allows written *or* oral communication, even
though § 1692g(a)(4)-(5) requires a writing[1]. *Hooks v. Forman,
Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).
Despite the statutory scheme being "complex," when the language
of the validation notice closely tracks the language of the
statute, as is the case here, it cannot be deemed confusing in
itself. *Id.* (citing *Camacho v. Bridgeport Financial, Inc.,* 430
F.3d 1078, 1082 (9th Cir. 2005)). However, if language
elsewhere in the letter implies that a writing is required to
dispute a debt, this would "overshadow the validation notice and
be misleading." *Id*. The letter must be read as a whole for the

---

[1]   Plaintiff argues that courts in the Third Circuit do not acknowledge
the "bifurcated scheme" for § 1692g(a) employed in this circuit. (ECF No. 17,
Pl. Opp. at 15; *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991)). Courts
in this circuit, however, have followed *Hooks,* finding that the writing
requirements in (a)(4) and (5) do not imply a writing requirement for (a)(3).
*Hooks,* 717 F.3d at 286.

purposes of this analysis.  *See Ellis v. Solomon & Solomon,*
*P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) ("even the least
sophisticated consumer can be presumed...to read a collection
notice with some care."); *McStay v. I.C. Sys., Inc.*, 308 F.3d
188, 191 (2d Cir. 2002) (even when part of a letter is
ambiguous, there is no violation if this ambiguity "dissipates
when read in conjunction with" other language).

 The letter provides defendant's phone number at three
separate locations on the first page.  (ECF No. 1-1 at 1.)
First, defendant prominently displays the phone number on the
top right of the first page alongside the words "Complaints or
Compliments?"  (*Id.*)  Second, defendant displays the number in
the center of the first page with the instruction "to make
payment arrangements or discuss other options."  (*Id.*)  Finally,
defendant displays the number at the bottom of the first page,
as part of the correspondence address.  (*Id.*)  Plaintiff argues
that the accompanying language would lead the least
sophisticated consumer to believe that the phone number could
not be used to dispute a debt.  (Pl. Opp. at 17, 19.)  However,
the precedent plaintiff cites establishes that providing a phone
number and indicating it can be used for specific purposes does
not "overshadow" the validation notice or imply that disputes
cannot be made orally.  (*See id.* at 18; *Abramov v. I.C. Sys.,*
*Inc.*, 54 F. Supp. 3d 270 (E.D.N.Y. 2014); *Lotito v. Recovery*

*Associates Inc.*, No. 13-CV-5833, 2014 WL 4659464, at *9
(E.D.N.Y. Sept. 17, 2014); *Vetrano v. CBE Grp., Inc.*, No. 15-CV-
3185 (JSA)(KT), 2016 WL 4083384, at *8 (E.D.N.Y. Aug. 1, 2016)
("[n]either *Abramov* nor *Lotito* holds that language in a debt
collection letter which provides a debtor with a phone number to
contact the debt collector with regard to making a payment
contradicts or overshadows a proper Section 1692g validation
notice."); *Thomas v. Midland Credit Mgmt.*, *Inc.,* No. 17-CV-523
(ADS)(ARL), 2017 WL 5714722, at *7 (E.D.N.Y. Nov. 27, 2017)
("unlike in *Vetrano*, the letter here does not state that debtors
should call only to arrange for payment")(internal quotations
omitted); *Castro v. ARS Nat'l Servs., Inc.*, No. 99-CV-4596, 2000
WL 264310, at *3 (S.D.N.Y. Mar. 8, 2000) (finding that a letter
does not imply a writing was required when it "provides the
consumer with the defendant's toll-free telephone number").

 That defendant provided its phone number at the bottom
of the page, after the statements discussing the debt and in
line with defendant's correspondence address, further undermines
plaintiff's contention. *See Thomas*, 2017 WL 5714722, at *7
(option of oral disputation was clear when "defendant's phone
number appears without qualification directly below the
statements regarding debt disputes"). Defendants list the
number next to two phrases that clearly communicate the option
of oral disputation: the word "complaints" next to the telephone

number at the top of the letter, and the phrase "or discuss other options" next to the telephone number in the middle of the letter.

Where defendant does not provide an address as the exclusive means of disputation, it is permitted to include a correspondence address in the Letter.  Plaintiff argues that cases from this district have held a letter invalid when it included a P.O. Box address immediately before the validation notice. (Pl. Opp. at 17-19; *Vetrano*, 2016 WL 4083384 at *8-9; *Abramov,* 54 F. Supp. 3d 270 at 277; *Lotito*, 2014 WL 4659464 at *8.)  However, "[t]he *Vetrano, Abramov*, and *Lotito* courts all took issue with an instruction [accompanying the address and] specifically including the phrase 'written disputes' or 'disputes in writing.'"  *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR)(VMS), 2020 WL 1332145, at *6 (E.D.N.Y. Mar. 23, 2020).  Defendant's letter states that plaintiff can "[s]end all payments and correspondence to [address]" and does not include an explicit reference requiring disputes to be in writing only, instead providing a phone number in two locations on the front of the letter.  (ECF No. 1-1 at 1.)  Thus, defendant's letter is more analogous to the letter in *Goodman*, where the court found that the instruction to "send payment and correspondence to [address]" did not overshadow or contradict the validation notice when multiple telephone numbers were provided elsewhere

in the letter. *Goodman v. Mercantile Adjustment Bureau, LLC*, No. 18-CV-04488 (ARR)(SJB), 2019 WL 692934 (E.D.N.Y. Feb. 19, 2019). This letter contains almost the same language and provides a phone number in multiple locations. (ECF No. 1-1 at 1.)

Plaintiff's reliance on *Balke* is also inapposite. *See* Pl. Opp. at 18; *Balke v. All. One Receivables Mgmt., Inc.*, No. 16-CV-5624 (ADS)(AKT), 2017 WL 2634653, at *8 (E.D.N.Y. June 19, 2017). In *Balke*, the text of the letter expressly limited the use of the telephone number to a particular purpose. *Goodman*, 2019 WL 692934, at *5 ("the letter [in *Balke*] instructed the consumer that, if she was 'experiencing financial difficulties,' she could call the office to receive 'assist[ance]...in negotiating a suitable arrangement'"); *Rosen v. LJ Ross Assocs., Inc.*, No. 19-CV-5516 (ARR), 2020 WL 1332145, at *6 (E.D.N.Y. Mar. 23, 2020) ("[t]he *Balke* letter expressly limited telephone communications to calls about 'negotiating a suitable arrangement' for consumers with 'financial difficulties'"). In contrast to the letter in *Balke*, the letter in this case does not limit the consumer's use of the phone number. (ECF No. 1-1 at 1.) As a result, the least sophisticated consumer would not mistake the inclusion of defendant's phone number thrice, in two places with explicit instruction directing any complaints or a

10

discussion of options, as somehow limiting the consumer's
ability to dispute the debt.

For the foregoing reasons, plaintiff has failed to
state a claim under 15 U.S.C. §1692g(a)(3).

**III. Plaintiff has Failed to State a Claim Under 15 U.S.C. §
1692g(a)(2)**

Plaintiff's argument that defendant failed to
adequately identify the creditor as required by 15 U.S.C. §
1692g(a)(2) is unpersuasive.  "Courts in the Eastern District
have held that even if a collection letter does not use the
words 'creditor' or 'owner' to identify the current holder of
the debt, 'the FDCPA does not require debt collectors to use
magic words to avoid liability.'" *Stehly v. Client Servs., Inc.*,
No. 18-CV-5103 (DRH)(ARL), 2019 WL 2646664, at *3 (E.D.N.Y. June
27, 2019) (quoting *Romano v. Schacter Portnoy, L.L.C.*, 2017 WL
2804930, at *3 (E.D.N.Y. June 28, 2018)).  Both defendant and
plaintiff acknowledge as much and cite to this clear precedent.
(*See* Pl. Opp. at 12 *and* Def. Reply at 9.)

Here, defendant adequately identified the creditor in
two places.  First, the letter lists "College Assist" as the
"guarantor" at the top right of the page.  (*See* ECF No. 1-1.)
Second, the first body paragraph of the letter states, "[y]our
student loan has defaulted. College Assist has taken assignment
of the debt from your loan holder. Premier Credit of North

America, LLC (PCNA) is collecting this debt for College Assist." *Id.*

Plaintiff argues that describing "College Assist" as the "Guarantor" left College Assist's status in relation to the debt open to interpretation, but ignores the first paragraph. (Pl. Opp. at 11-12.)  To support his argument, plaintiff cites to a Seventh Circuit case in which the court found the description "re: [name of creditor]" insufficient to identify the current owner of the debt.  *See Steffek v. Client Servs., Inc.*, No. 19-1491, 2020 WL 288239 (7th Cir. Jan. 21, 2020). Courts in this circuit have similarly held that a single reference, preceded by "re," is insufficient.  In *White*, the court noted that the defendant's letters to the plaintiffs contained only one reference to the creditor in the upper right-hand corner of the letters following the term "[r]e."  *White v. Prof'l Claims Bureau, Inc.,* 284 F. Supp. 3d 351, 362-63 (E.D.N.Y. 2018); *see also Datiz v. Int'l Recovery Assocs., Inc.,* No. 15-CV-3549 (ADS)(AKT), 2016 WL 4148330, at *10 (E.D.N.Y. Aug. 4, 2016) (letter listed creditor as "Re: John T. Mather Hospital" without any further clarification);  *Eun Joo Lee v. Forster & Garbus LLP,* 926 F. Supp. 2d 482, 485 (E.D.N.Y. 2013) (debt collection letter identified the creditor with a line that read, "Re: NCOP XI, LLC A/P/O CAPITAL ONE." NCOP XI, LLC ("NCOP") without any further information).

Here, defendant lists the name of the creditor three times in the letter and describes the relationship between the creditor and the collection agency. (ECF No. 1-1 at 1.) Moreover, listing the current holder of the debt as the "Guarantor" is a more specific description than "re." (*Id.*)

In contrast, defendant cites to cases in this circuit where courts found that collection notices analogous to the letter at issue in this case did not violate the FDCPA. (*See* Def. Reply at 8-9.)  The letter in *Wright* described the current creditor as "Client" and said "your account has been referred to our office for collection on behalf of our referenced client." *Wright v. Phillips & Cohen Assocs., Ltd.,* No. 12-CV-4281 (DRH)(GRB), 2014 WL 4471396, at *1 (E.D.N.Y. Sept. 10, 2014). The court explained that listing the current creditor as "client" was permissible because "any confusion such a label may have caused was alleviated by Defendant's plain statement that the debt Defendant intended to collect was 'on behalf of our above referenced client.'"  *Id.* at 5.  In this case, the creditor was listed as "Guarantor," but the letter also explained that "Premiere Credit of North America, LLC is collecting this debt *for* College Assist."  (ECF No. 1-1 at 1) (emphasis added).

When the name of the creditor is mentioned multiple times or where the context of the letter indicates the identity

13

of the creditor, even the least sophisticated consumer is not misled or confused. *Taylor v. MRS BPO, LLC*, No. 17-CV-1733(ARR)(RER), 2017 WL 2861785, at *3 (E.D.N.Y. July 5, 2017) ("the Collection Letter mentions Chase two additional times, in a context that implicitly makes clear that Chase is the current creditor") (internal quotations omitted); *Goldtsein v. Diversified Adjustment Serv.*, Inc., No. 17-CV-04729 (BMC), 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017) (finding that although the letter didn't explicitly identify the creditor, the fact that "the letter mentions Sprint *seven* times" and said "[y]our account has been placed with us for collection" was sufficient); *Lugo v. Forster & Garbus, LLP*, No. 19-CV-1435 (ARR)(CLP), 2019 WL 5303957, at *3 (E.D.N.Y. Oct. 21, 2019) (finding no possible confusion where "[t]he instant Collection Letter refers to the creditor twice, by stating 'Re: Barclays Bank Delaware' [and] [t]he rest of the letter provides context for the consumer to understand that Barclays Bank Delaware is the creditor").

Because defendant has made plain that it is collecting the debt "for" College Assist, the court finds that the identity of the creditor is clear, even to the least sophisticated consumer. As a result, plaintiff has also failed to state a claim under 15 U.S.C. § 1692g(a)(2).

**IV. The Formatting and Structure of the Letter Would Not Confuse or Mislead the Least Sophisticated Consumer**

Plaintiff argues that the letter is "formatted in a manner such that the validation notice is visibly inconspicuous." (Compl. at 8.) Specifically, plaintiff alleges that the validation notice is "buried" and that the instruction, provided multiple times in bold letters to "SEE REVERSE SIDE FOR IMPORANT INFORMATION," would distract the least sophisticated consumer from the notice. (*Id.*; Pl. Opp. at 5.) This is a tortured and incorrect reading of the letter. The court finds that formatting of the letter does not overshadow or distract from the validation notice or otherwise mislead the least sophisticated consumer.

"[E]ven the least sophisticated consumer can be presumed...to read a collection notice with some care." *Ellis*, 591 F.3d at 135. Courts have found that a validation notice is not buried even when it is included on the second page of the letter. *See Omogbeme v. Risk Mgmt. Alternatives, Inc.,* No. 01-CV-7293 (SJ), 2003 WL 21909773, at *1 (E.D.N.Y. Aug. 4, 2003); *Stark v. RJM Acquisitions LLC,* No. 08-CV-2309 (CPS), 2009 WL 605811, at *5 (E.D.N.Y. Mar. 9, 2009); *Hernandez v. Affiliated Group, Inc.,* No. 04-CV-4467, 2006 WL 83474, at *3 (E.D.N.Y. Jan.12, 2006); *Clomon,* 988 F.2d at 1319. The validation notice here is presented in the middle of the front page of the letter.

Courts have repeatedly found that identical or similar
formatting to the letter at issue does not violate the FDCPA.
*Jacobson*, 516 F.3d 85 (the validation notice was provided, "on
[the] face of the letter, below the initial statement, and in
clear terms. In these circumstances, even the least
sophisticated debtor would understand that she had the option to
submit a notice of dispute*"); see also Abergel v. Miamonides
Hosp.,* No. 19-CV-4260 (PKC), 2019 WL 3804734, at *3 (E.D.N.Y.
Aug. 13, 2019); *Lerner v. Forster,* 240 F. Supp. 2d 233, 238
(E.D.N.Y. 2003) ("the validation notice was located on
the front of the Letter, directly below the information
directing consumers how to resolve their debt by contacting the
creditor.  Thus, there is even less chance of
the validation notice being overshadowed").  Plaintiff's
attorneys should be aware that formatting of this kind does not
violate the FDCPA, given that a court in one of their recent
lawsuits dismissed their formatting complaints because "the
validation notice here is on the front page of the body the
letter." *Allen v. Advanced Call Ctr. Techs., L.L.C*., No. 18-CV-
2873 (RRM)(AYS), 2019 WL 4887683, at *7 (E.D.N.Y. Sept. 30,
2019).

       Plaintiff's legal argument and cases upon which he
relies are unconvincing. (*See* Pl. Opp. at 19-20.)  *Thomas*
contained a "bold faced statement that payment is expected

within three days." *Thomas v. Nat'l Bus. Assistants, Inc.,* No.
CIV N82-469, 1984 WL 585309, at *1 (D. Conn. Oct. 5, 1984). *Ost*
involved a letter where the validation notice was on the second
page, in smaller font than the rest of the letter and with no
reference to it on the first page. *Ost v. Collection Bureau,
Inc.*, 493 F. Supp. 701, 703 (D.N.D. 1980). These letters are
completely inapposite to the letter at issue in this case.

Even if the court found a deficiency with the
formatting or structure of the letter, plaintiff could not
prevail on formatting grounds alone. "Courts in this Circuit
have repeatedly rejected the notion that a validation notice is
overshadowed by the formatting of disclosures alone, absent
contradictory language." *Nunez v. Mercantile Adjustment Bureau*,
LLC, No. 19-CV-2962 (PKC)(ST), 2020 WL 2475619, at *7 (E.D.N.Y.
May 13, 2020); *see also Musarra v. Balanced Healthcare
Receivables, LLC*, No. 19-CV-5814 (ARR)(RML), 2020 WL 1166449, at
*7 (E.D.N.Y. Mar. 11, 2020); *Park v. Forster & Garbus, LLP*, No.
19-CV-3621(ARR)(ST), 2019 WL 5895703, at *7 (E.D.N.Y. Nov. 12,
2019). The court has already found that there is no
contradictory or misleading language elsewhere in the letter
that would leave the least sophisticated consumer confused as to
his or her rights, and plaintiff's argument also fails this
prong of analysis.

**V. Plaintiff has Failed to State a Claim under 15 U.S.C. § 1692e and § 1692e(10)**

Section 1692e bars debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Belichenko v. Gem Recovery Sys.*, No. 17-CV-1731(ERK)(ST), 2017 WL 6558499, at *5 (E.D.N.Y. Dec. 22, 2017); 15 U.S.C. § 1692e(10). "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell*, 74 F.3d at 35. Importantly, "[c]ourts in this Circuit have held that the standard for determining a violation of § 1692e(10) is essentially the same as that for § 1692g." *Park*, 2019 WL 5895703, at *4; *see Papetti v. Rawlings Financial Servs., LLC*, 121 F. Supp. 3d 340 (S.D.N.Y. Aug. 5, 2015); *Foti v. NCO Financial Sys., Inc.*, 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006). In the context of plaintiff's specific claims, "[t]he 'operative inquiry' ... is whether 'the hypothetical least sophisticated consumer could reasonably interpret' the challenged statement ... to represent, incorrectly, that a debt dispute must be made in writing." (*Goodman*, 2019 WL 692934, at *7) (quoting *Lotito*, 2014 WL 4659464, at *8); *see, e.g., Vera v. Trans-Conti. Credit & Collection Corp.*, No. 98-CV-1866 (DC), 1999 WL 163162, at *4 (S.D.N.Y. Mar. 24, 1999)("[f]or essentially the same reasons

that [the Court] conclude[s] that the debt violation notice violates § 1692g(a)(3), [it] also conclude[s] that the notice violates § 1692e(10)").  This same rule applies for the allegations made under § 1692g(a)(2).  *Schlesinger v. Jzanus Ltd.*, No. 17-CV-3648 (BMC), 2018 WL 2376302, at *1 (E.D.N.Y. May 24, 2018) ("[p]laintiffs allege that the letters violate 15 U.S.C. § 1692g(a)(2)...For the same reasons, plaintiffs claim that the letters are deceptive and misleading and therefore violate § 1692e(10)").

Because the inquiry for § 1692g and § 1692e is essentially the same, this court dismisses plaintiff's claims under § 1692e for the same reasons it dismissed the § 1692g claims.  (*See supra*.)  The court has already explained that the language in defendant's collection letter did not mislead the least sophisticated consumer as to whether disputes could be made orally.  (*Id.*)  Providing a P.O. Box address, coupled with repeatedly providing a telephone number, is not, as a matter of law, misleading or deceptive.  *See Rosen*, 2020 WL 1332145, at *5-6; *Kagan v. Selene Fin. L.P.,* 210 F. Supp. 3d 535, 543-45 (S.D.N.Y. 2016); *Goodman*, 2019 WL 692934 ("[t]he letter's instruction to consumers to send physical mail to a specific address — paired with the letter's repeated disclosure of defendant's phone number and a properly-conveyed validation notice — is not susceptible to misinterpretation by the least

sophisticated consumer, and therefore it does not violate section 1692e").

The court has also found that the language identifying the creditor, College Assist, was not misleading and so does not violate the "catchall" provision of § 1692(e)(10). *See supra; Lugo*, 2019 WL 5303957, at *2.  The multiple references to College Assist and a description of the relationship between College Assist and the defendant Premiere Credit cannot be reasonably interpreted by the least sophisticated consumer as false, deceptive or misleading. *See Stehly*, 2019 WL 2646664, at *5.

Finally, the court has found that the structure and formatting of the letter were well within the boundaries of the law. (*See supra*.) Placing the validation notice in standard font in the middle of the front page of the letter is not misleading to the least sophisticated consumer.

**CONCLUSION**

For the foregoing reasons, the court grants defendants' motion to dismiss.  The Clerk of the Court is respectfully directed to enter judgment in favor of the defendants, and close the case.

**SO ORDERED.**

Dated:     September 27, 2020
           Brooklyn, New York

_____/_____
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York